UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENNIE TRUTH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-00415-LJM-DML |
| ) | |
| KEITH BUTTS, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Bennie Truth is a prisoner of the State of Indiana. He seeks a writ of habeas corpus, alleging that the Indiana Parole Board committed error in revoking his parole on June 12, 2014. This followed the resolution of charges of new criminal conduct on April 22, 2014.

Before considering the merits of a habeas petition, a court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004). Exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review." *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987). Under Indiana law "[a] person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims . . . (5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint . . . may institute at any time a proceeding under this Rule to secure relief." *Ind. Post-Conviction Rule* 1(1)(a)(5).

Exhaustion of state remedies is determined as of the time that the habeas petition is filed. *Verdin v. O'Leary,* 972 F.2d 1467, 1483 (7th Cir. 1992). In this case, at the time Truth's habeas

petition was filed his appeal from the revocation of his parole was pending in the Indiana Court of Appeals as No. 33A01-1411-MI-511. That appeal was dismissed for procedural reasons on July 1, 2015.

Truth's habeas claim is that he was improperly denied a prompt parole revocation hearing following his arrest in November 2013. The court cannot reach the merits of this claim, however, because Truth had not exhausted his available state court remedies at the time the action was filed.

The exhaustion requirement may be excused if "there is either an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). Truth blames a court clerk for having caused his appeal in No. 33A01-1411-MI-511 to be rejected as untimely and states that he has not filed an action for post-conviction relief because the trial court has already shown its prejudice against him. The first point is directed to the appropriateness of the disposition of the appeal, not to the existence of the procedures available to him. As to the second point, it does not excuse exhaustion of state remedies because, when a petitioner claims that he cannot obtain relief from the state courts, the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. *White v. Peters,* 990 F.2d 338, 342 (7th Cir. 1993).

"[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)).

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The only manner in which that purpose can be served is by dismissing this action without prejudice and allowing Truth to first present or finish his challenge in the Indiana courts, if he elects to do so. Accordingly, Truth's petition for writ of habeas corpus is denied and the action is dismissed.

The dismissal of the action shall be **without prejudice.** Truth's motion for summary judgment [Docket No. 16] is **denied.**

### II.

Judgment consistent with this Entry shall now issue.

### III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Truth has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date:   08/05/2015

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

Electronically Registered Counsel

BENNIE TRUTH
951825
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362